| gCANNELLA, Judge.
Third party plaintiff, Craig Collier d/b/a Causeway Shell (Collier), appeals from a judgment rendered in favor of third party defendant, Bus Bench Graphics, Inc. (Bus Bench), granting third party defendant’s motion for summary judgment and dismissing the third party demand with prejudice. For the reasons which follow, we affirm.
Plaintiff, Dorothy Silva (Silva) filed a suit alleging that on January 28,1989, at approximately 8:00 P.M., while walking on a paved area along the southeast side of the Shell gas station located at the corner of Causeway Boulevard and Veterans Highway, she tripped over concrete which was protruding above the sidewalk. Silva sued numerous defendants, including, of relevance to this third party demand, Shell Oil Company (Shell). Shell, in turn, filed a cross claim against Collier, the franchisee of the Shell gas station in question. Collier thereupon filed a third party demand' against Bus Bench, alleging that, at all times ^pertinent, Bus Bench had a contract with the Parish of Jefferson which provided that Bus Bench *287 would “keep clean, maintain, police, and clean the area where plaintiff allegedly fell.” Therefore, Collier alleged that Bus Bench was liable to him for any damages for which he may be cast.
Bus Bench filed a motion for summary judgment with an affidavit by Amaud A. Delle, the president, owner and operator of Bus Bench. Also attached was Silva’s deposition, a picture of the scene of the accident and the contract between Bus Bench and the Parish of Jefferson. Bus Bench argued that there were no genuine issues of material fact and that it was entitled to judgment in its favor as a matter of law. More specifically, Bus Bench argued that the contract it had with the Parish of Jefferson allowed it to place benches at certain bus stops, to be used for advertising purposes and to maintain the area around its benches for litter and grass cutting. Bus Bench acknowledges that it maintained a bench in the vicinity where Silva allegedly fell. However, Bus Bench asserts that Silva testified unequivocally in her deposition that she did not trip over the Bus Bench bench, but rather tripped over the remains of a concrete bench. The concrete bench was not owned or maintained by Bus Bench, and the remains of the bench had been left protruding above the side walk after being struck by an automobile. Accordingly, Bus Bench argues that it is not liable in any way for Silva’s alleged injury, since it did not own nor was it responsible for the protruding concrete remains of another bench in the area.
The trial court agreed and granted Bus Bench’s motion for summary judgment. It is from this judgment that Collier now appeals.
On appeal Collier argues that the trial court erred in granting the summary judgment filed by Bus Bench because there are genuine issues of material fact which preclude summary judgment under La.C.C.P. art. 966.
La.C.C.P. art. 966 provides in pertinent part:
I4A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Collier argues that there are genuine issues of fact relative to Bus Bench’s duty concerning the concrete remains of a bench that were located about five feet from the bench placed in that location by Bus Bench. In this argument, Collier relies primarily on the contract that existed between Bus Bench and the Parish of Jefferson in support of the argument that Bus Bench had a legal duty to Silva under the facts of this case.
Two paragraphs of the contract between Bus Bench and the Parish of Jefferson are pertinent to the issue before us and provide:
[The] PARISH, pursuant to the authority granted in Resolution No. 60974 dated February 24, 1988, does by these presents grant unto CONTRACTOR the right and privilege to place seating benches at any and all bus stop locations situated in the Parish of Jefferson, said benches to be used as advertising media in furtherance of the CONTRACTOR’S purpose.
For and in consideration of the rights and privileges granted by this franchise, CONTRACTOR hereby agrees to the following terms and conditions:
3. CONTRACTOR agrees to maintain the benches and immediate surrounding areas at all times with a regularly scheduled maintenance program, to specifically include but not be limited to picking up of litter and cutting of grass.
Collier argues that under Bus Bench’s contract with Jefferson Parish, there are factual questions as to whether Bus Bench had a *288 duty to remove the protruding concrete remains of a bench that did not belong to him and/or whether IsBus Bench had a duty to notify Jefferson Parish of the protruding concrete remains upon which Silva allegedly fell. We disagree.
Upon review of the record, we affirm the finding of the trial court that there are no genuine issues of material fact and that Bus Bench was entitled to judgment as a matter of law. The contract between Bus Bench and Jefferson Parish did not give Bus Bench the exclusive right to place seating benches at bus stop locations. It only gave it the right to place its own bench there. Thus, the location of two concrete benches at the same bus stop location, five feet from Bus Bench’s bench, did not bring them within the contractual relationship between Bus Bench and Jefferson Parish. Bus Bench had no duty concerning these two concrete benches.
Likewise, the part of the contract requiring Bus Bench to maintain the area immediately surrounding its bench for litter and grass cutting did not create in Bus Bench a duty over someone else’s bench that had been damaged. Silva’s testimony in deposition was clear that the Bus Bench bench created no obstacle and that she tripped over the protruding remains of the concrete bench that was neither owned nor maintained by Bus Bench. Nothing in the contract between Bus Bench and Jefferson Parish creates in Bus Bench the duty to notify Jefferson Parish of protrusions of concrete that might be noticed in the area while maintaining its benches.
Accordingly, for the reasons stated above, we affirm the trial court judgment granting Bus Bench’s motion for summary judgment. Costs of appeal are assessed to appellant.

AFFIRMED.